Filed 9/12/24  P. v. Leavelle CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062862 |
| v. | (Super. Ct. No. 00NF1154) |
| KEVIN DESHAN LEAVELLE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Kevin Deshan Leavelle on appeal from the denial of his petition under Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 227, 231 (*Delgadillo*).) Therefore, when appointed appellate counsel finds no viable issues, counsel must file a brief informing the court that counsel found no arguable issues and include a concise narration of facts. (*Id.* at p. 231.) The reviewing court must send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days. (*Id.* at pp. 231–232.)

If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Leavelle has filed a supplemental brief, and we address his claims below. We have also independently reviewed the record and found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion, *People v. Leavelle* (May 21, 2003, G030574). The sole issue in this appeal is whether the trial court erred when it found Leavelle

---

[1] All further statutory references are to the Penal Code.

2

ineligible for resentencing under section 1172.6. We include here only the facts relevant to the limited issue on appeal.

A jury convicted Leavelle of, inter alia, attempted willful, deliberate, and premeditated murder. The trial court had provided the jury a set of standard instructions, which included CALJIC No. 8.67 (attempted murder—willful, deliberate, and premeditated). Under those instructions, to convict Leavelle of the relevant offense, the jury was required to find that he had acted with the intent to kill. The court did not instruct the jury on the natural and probable consequences doctrine, aiding and abetting, or any other theory of vicarious liability for attempted murder. Following the jury's verdict, the court sentenced Leavelle to life in prison with the possibility of parole.

In May 2023, Leavelle filed a petition for resentencing under section 1172.6. After the prosecution filed a response, the trial court appointed the public defender, who filed a brief in support of Leavelle's petition. The court conducted a prima facie hearing and denied the petition, finding Leavelle had not established a prima facie case of eligibility. It explained: "[T]he jury was instructed solely on the crime of 'Attempted Murder' and [a lesser included offense] per the appropriate [standard jury instructions]. The only theory of guilt upon which the jury was instructed required a finding of a 'specific intent to kill' on the part of [Leavelle]. The instructions given to the jury included no vicarious theory of guilt. Therefore, he was convicted under a still-viable definition of [a]ttempted [m]urder." Leavelle appealed.

3

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer, did not act with the intent to kill," and "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6,[2] which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the category of individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of section 1172.6 now expressly permits individuals convicted of attempted murder or manslaughter under a now-invalid theory to file a petition for resentencing relief. A section 1172.6 petition must make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will

---

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, §10.) For clarity, we refer to the statute as section 1172.6 throughout the opinion.

4

necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied Leavelle's petition because the record revealed he was convicted on a theory of attempted murder that remained valid notwithstanding SB 1437's amendments to sections 188 and 189. Specifically, the jury instructions given at trial established that the jury found Leavelle had acted with the intent to kill. He could not have been convicted under the natural and probable consequences doctrine or any other theory of vicarious liability for the simple reason that the jury was not instructed on such theories.

In his supplemental brief, Leavelle contends: (1) both his appointed counsel in the trial court and his appointed appellate counsel rendered constitutionally ineffective assistance; and (2) he was having a mental health crisis at the time of his offense and his crime was unplanned.[3] These contentions raise no arguable issue.

---

[3] Leavelle also conclusorily claims that his current and former counsel both discriminated against him in violation of the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, §§ 1–7). His failure to develop any argument on this point forfeits his contention, and we do not consider it. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 565 [undeveloped argument is forfeited].)

"There is no federal constitutional right to counsel under subdivision (c) of section 1172.6," the prima facie stage of the proceedings. (*Delgadillo, supra*, 14 Cal.5th at p. 227.) Nor is there a constitutional right to counsel on appeal from that proceeding. (*Ibid.*) Thus, Leavelle can raise no claim of ineffective assistance of counsel. As for Leavelle's claims regarding his mental state at the time of the offense, the jury resolved that matter against him, without relying on any theory later invalidated by SB 1437. We discern no error.

## DISPOSITION

The postjudgment order is affirmed.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

GOODING, J.

6